**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**
**READING DIVISION**

| | |
|---|---|
| In Re:<br><br>**JENNIFER L. KLINE,**<br><br>Debtor | **Chapter 13 Bankruptcy**<br><br><br><br>**Bankruptcy No. 19-10236 REF** |

**FOURTH AMENDED CHAPTER 13 PLAN**

☐ Original
√ 4th Amended

Date:  March 11, 2020

**THE DEBTOR HAS FILED FOR RELIEF UNDER**
**CHAPTER 13 OF THE BANKRUPTCY CODE**

**YOUR RIGHTS WILL BE AFFECTED**

You should have received from the court a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts.  You should read these papers carefully and discuss them with your attorney.  **ANYONE WHO WISHES TO OPPOSE ANY PROVISION OF THIS PLAN MUST FILE A WRITTEN OBJECTION** in accordance with Bankruptcy Rule 3015 and Local Rule 3015-4.  **This Plan may be confirmed and become binding, unless a written objection is filed.**

**IN ORDER TO RECEIVE A DISTRIBUTION UNDER THE PLAN, YOU MUST FILE A PROOF OF CLAIM BY THE DEADLINE STATED IN THE NOTICE OF MEETING OF CREDITORS.**

## Part 1:  Bankruptcy Rule 3015.1(c) Disclosures

√ Plan contains non-standard or additional provisions – see Part 9

☐ Plan limits the amount of secured claim(s) based on value of collateral – see Part 4

☐ Plan avoids a security interest or lien – see Part 4 and/or Part 9

**Part 2: Plan Payment, Length and Distribution –** *PARTS 2(c) & 2(e) MUST BE COMPLETED IN EVERY CASE*

**§ 2(a)(2) Amended Plan:**

   **Total Base Amount** to be paid to the Chapter 13 Trustee ("Trustee") $22,150.00

   The Plan payments by Debtor shall consists of the total amount previously paid ($3,350.00) added to the new monthly Plan payments in the amount of $400.00 beginning March 14, 2020 and continuing for 47 months.

   ☐ Other changes in the scheduled plan payment are set forth in § 2(d)

**§ 2(b) Debtor shall make plan payments to the Trustee from the following sources in addition to future wages (Describe source, amount and date when funds are available, if known):** Not applicable.

**§ 2(c) Alternative treatment of secured claims:**

   √ **None.** If "None" is checked, the rest of § 2(c) need not be completed.

**§ 2(d) Other information that may be important relating to the payment and length of Plan:**

**§ 2(e) Estimated Distribution:**

**§ 2(e) Estimated Distribution:**

A. Total Priority Claims (Part 3)
   1. Unpaid attorney's fees                                     $ 5,500.00
   1. Unpaid attorney's costs                                    $
   2. Other priority claims (e.g., priority taxes)               $
B. Total distribution to cure defaults (§ 4(b))                  $8,376.21
C. Total distribution on secured claims (§§ 4(c) &(d))           $0.00
D. Total distribution on unsecured claims (Part 5)               $5,417.55
                           Subtotal                              $19,293.76
E. Estimated Trustee's Commission                                $As per statute
F. Base Amount                                                   $~~         22,150.00~~

**Part 3:  Priority Claims (Including Administrative Expenses & Debtor's Counsel Fees)**

**§ 3(a) Except as provided in § 3(b) below, all allowed priority claims will be paid in full unless the creditor agrees otherwise:**

| Creditor | Type of Priority | Estimated Amount to be Paid |
|---|---|---|
| Hartman, Valeriano, Magovern & Lutz, P.C. | Legal Fees | $5,500.00 |

**§ 3(b)  Domestic Support obligations assigned or owed to a governmental unit and paid less than full amount.**

√ **None.**  If "None" is checked, the rest of § 3(b) need not be completed.

**Part 4: Secured Claims**

**§ 4(a) Secured claims not provided for by the Plan:**

Housing and Urban Development/Proof of Claim No. 5, secured by a 2nd mortgage on the residential real estate, will not be paid through the Plan. The terms of the obligation, as stated in the Exhibit to Proof of Claim No. 5, are that the obligation will be paid at the sale of the Debtor's residential real estate.

Fifth Third Bank/Proof of Claim No. 1, secured by the Debtor's 2012 Subaru Legacy, will not be paid through the Chapter 13 Plan. The Claimant has been paid in full by insurance proceeds paid as a result of the loss of the collateral in a collision. An Objection to Proof of Claim has been filed.

**§ 4(b) Curing default and maintaining payments**

☐ **None.** If "None" is checked, the rest of § 4(b) need not be completed.

The Trustee shall distribute an amount sufficient to pay allowed claims for prepetition arrearages; and, Debtor shall pay directly to creditor monthly obligations falling due after the bankruptcy filing in accordance with the parties' contract

| Creditor | Description of Secured Property and Address, if real property | Current Monthly Payment to be paid directly to creditor by Debtor | Estimated Arrearage | Interest Rate on Arrearage, if applicable (%) | Amount to be Paid to Creditor by the Trustee |
|---|---|---|---|---|---|
| Quicken Loans Inc. Proof of Claim No. 3 | Residential real estate | As per contract between the Creditor and Debtor | $4,744.59 | Not applicable | $4,744.59 |
| Quicken Loans Inc. Postpetition default. | Residential real estate | As per contract between the Creditor and Debtor | $3,631.62 | Not applicable | $3,631.62 |

4

**§ 4(c)  Allowed secured claims to be paid in full:  based on proof of claim or pre-confirmation determination of the amount, extent or validity of the claim**

    √ **None.**  If "None" is checked, the rest of § 4(c) need not be completed.

**§ 4(d)  Allowed secured claims to be paid in full that are excluded from 11 U.S.C. § 506**

    √ **None.**  If "None" is checked, the rest of § 4(d) need not be completed.

  **§ 4(e)  Surrender**

    √ **None.**  If "None" is checked, the rest of § 4(e) need not be completed.

**§ 4(f)  Loan Modification**

    √ **None.**  If "None" is checked, the rest of § 4(f) need not be completed.

**Part 5:  General Unsecured Claims**

**§ 5(a)  Separately classified allowed unsecured non-priority claims**

    √ **None.**  If "None" is checked, the rest of § 5(a) need not be completed.

**§ 5(b)  Timely filed unsecured non-priority claims**

    (1) Liquidation Test *(check one box)*

      √ All Debtor(s) property is claimed as exempt.

    (2) Funding: § 5(b) claims to be paid as follows *(check one box)*:

      √ 100%

General unsecured creditor will be paid as follows:

| | |
|---|---:|
| Fifth Third Bank/Proof of Claim No. 1 | 1,429.75 |
| Capital One Bank/Proof of Claim No. 2 | 2,083.04 |
| First Electronic Bank/Proof of Claim No. 4 | 1,904.76 |
| **Total** | **5,417.55** |

**Part 6:  Executory Contracts & Unexpired Leases**

√ **None.**  If "None" is checked, the rest of § 6 need not be completed.

**Part 7:  Other Provisions**

**§ 7(a)  General principles applicable to the Plan**

(1)  Vesting of Property of the Estate **(check one box)**

√ Upon confirmation

☐ Upon discharge

(2) Subject to Bankruptcy Rule 3012, the amount of a creditor's claim listed in its proof of claim controls over any contrary amounts listed in Parts 3, 4 or 5 of the Plan.

(3)  Post-petition contractual payments under § 1322(b)(5) and adequate protection payments under § 1326(a)(1)(B),(C) shall be disbursed to the creditors by the debtor directly. All other disbursements to creditors shall be made by the Trustee.

(4)  If Debtor is successful in obtaining a recovery in a personal injury or other litigation in which Debtor is the plaintiff, before the completion of plan payments, any such recovery in excess of any applicable exemption will be paid to the Trustee as a special Plan payment to the extent necessary to pay priority and general unsecured creditors, or as agreed by the Debtor and the Trustee and approved by the court.

**§ 7(b)  Affirmative duties on holders of claims secured by a security interest in debtor's principal residence**

(1)  Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage.

(2)  Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note.

(3)  Treat the pre-petition arrearage as contractually current upon confirmation for the Plan for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based on the pre-petition default or default(s).  Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

(4)  If a secured creditor with a security interest in the Debtor's property sent regular statements to the Debtor pre-petition, and the Debtor provides for payments of that claim directly to the creditor in the Plan, the holder of the claims shall resume sending customary monthly statements.

(5) If a secured creditor with a security interest in the Debtor's property provided the Debtor with coupon books for payments prior to the filing of the petition, upon request, the creditor shall forward post-petition coupon book(s) to the Debtor after this case has been filed.

(6) Debtor waives any violation of stay claim arising from the sending of statements and coupon books as set forth above.

### § 7(c)  Sale of Real Property

√ **None.**  If "None" is checked, the rest of § 7(c) need not be completed.

## Part 8:  Order of Distribution

**The order of distribution of Plan payments will be as follows:**

    **Level 1:**  Trustee Commissions*
    **Level 2:**  Domestic Support Obligations
    **Level 3:**  Adequate Protection Payments
    **Level 4:**  Debtor's attorney's fees
    **Level 5:**  Priority claims, pro rata
    **Level 6:**  Secured claims, pro rata
    **Level 7:**  Specially classified unsecured claims
    **Level 8:**  General unsecured claims
    **Level 9:**  Untimely filed general unsecured non-priority claims to which debtor has not objected

*\*Percentage fees payable to the standing trustee will be paid at the rate fixed by the United States Trustee not to exceed ten (10) percent.*

## Part 9:  Non Standard or Additional Plan Provisions

Under Bankruptcy Rule 3015.1(e), Plan provisions set forth below in Part 9 are effective only if the applicable box in Part 1 of this Plan is checked.  Nonstandard or additional plan provisions placed elsewhere in the Plan are void.

The Debtor received a discharge in a Chapter 7 case filed less than eight years prior to the filing of the instant case (Case No. 18-10397, filed in the United States Bankruptcy Court for the Eastern District of Pennsylvania on January 23, 2018), and accordingly, is not eligible for a discharge in the instant case.

**Part 10: Signatures**

By signing below, attorney for Debtor(s) or unrepresented Debtor(s) certifies that this Plan contains no nonstandard or additional provisions other than those in Part 9 of the Plan.

Date:  March 11, 2020

                **Respectfully submitted,**

                **Hartman, Valeriano, Magovern & Lutz, PC**

**by:**    /s/ George M. Lutz
_____
**George M. Lutz, Esquire**
**1025 Berkshire Boulevard, Suite 700**
**Wyomissing, PA  19610**
**Pa. Attorney ID No.: 46437**